EMILE GEYLIN <i>v.</i> JOSHUA T. HEALD.

*Ca. sa.* against the principal and *sci. fa.* against his special bail, cannot be issued and made returnable at the same, or the ensuing, term of court; and if so issued, the *sci. fa.* against the bail will be set aside for irregularity.

*Scire Facias* on recognizance of bail. Joshua T. Heald was the special bail of Brutus de Villeroi in an action and judgment against him in this court at the suit of Emile

Geylin.   A writ of *capias ad satisfaciendum* had been issued thereon against de Villeroi,the principal, which was returned *non est inventus* on Saturday last, two days before the commencement of the present term of the court; and the *scire facias* against the bail was issued on the morning of the first day of this term and was made returnable, and was returned, the same day.   But both writs bore test the same day, the 5th of December, 1360, and were returned the first day of the present term.

*Patterson*, for the defendant, now moved the court to quash the writ of *scire facias* against the bail, because it had been issued prematurely and irregularly according to the rules and practice of this court, and should be set aside.

*Booth*, for the plaintiff: In the case of *Potter v. White*, 3 *Harr.* 329, the court refused on a similar motion, to quash a writ which had been issued on the morning of the first day of the term before the actual meeting or assembling of the court and returnable the same day, because it was so issued and returned.   But the question in this case was whether a party could sue out his *scire facias* against the special bail before the *ca. sa.* against the principal was actually returned and filed in court, or was so returnable; and he should contend that he could, as the object of suing out the *ca. sa.* against the principal was to fix the liability of the bail in whose custody the principal was presumed to be, and to notify him that the plaintiff was about to proceed against him on his liability as bail.   *Petersd. on Bail*, 9 *Law Libr.* 202. 6 *T. R.* 144. 2 *Ld. Raym.* 1567. 8 *T. R.* 628. 3 *Burr.* 1360. 2 *B. & P.* 235.   *The Union Bank v. Randel*, 3 *Harr.* 416. Our rules of court unquestionably fixed the liability of the bail on the return of *non est* to the *ca. sa.* against the principal.   In this case the *ca. sa.* was actually issued on the 13th of January last, and before he sued out the *sci. fa.* against the bail, he was careful to see that the writ of *ca. sa.*

against de Villeroi, the principal, had been actually returned into the office of the Prothonotary on the morning of the first day of the present term of court, with the return of *non est* endorsed upon it by the sheriff.

*The Court* declined to hear the counsel for the defendant in reply. We do not deem it necessary to enter into any consideration of the English authorities which had been cited, and where the practice of the courts on the subject is certainly different from our practice here. There they have several days of return on which process may be made returnable; but here we have but one general return day in every term, and that is the first day of the term. The object of the *ca. sa.* against the principal, it is true, is to fix the liability of the bail; but it is not against the bail; he is not a party to the process, and it is no notice to him. Under the rules and practice of the courts of this State, the *ca. sa.* against the principal is not returnable until the first day of the term next after it is issued, and cannot, of course, be returned until after that term commences, although it may in fact be returned on the second day of that term under the rule. The mode of proceeding in such cases here, has therefore always been to issue the *scire facias* against the bail returnable to the next term after the return of the *ca. sa.* against the principal, and consequently it has always been considered here that the bail had until the next term after the return of the *ca. sa.*, to surrender his principal, as no *scire facias* could issue against him on his recognizance of bail returnable before that time; and it is the first instance in which we have ever known that practice here to be departed from. The writ of *scire facias* in this case must therefore be set aside.